# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1999

**FILED**

June 17, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9812-CC-00504** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **RUTHERFORD COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES K. CLAYTON** |
| **ROBERT DOUGLAS TARNOSKY,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - D.U.I.)** |


**FOR THE APPELLANT:**

GERALD L. MELTON
Public Defender

RUSSELL N. PERKINS
Assistant Public Defender
201 West Main Street, Ste. 101
Murfreesboro, TN  37130

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN  37243

WILLIAM WHITESELL, JR.
District Attorney General
3rd Floor Judicial Building
Murfreesboro, TN  37130


ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

## ORDER

The appellant, Robert Douglas Tarnosky, was convicted after a bench trial in the Rutherford County Circuit Court of one (1) count of driving under the influence of an intoxicant. *See* Tenn. Code Ann. § 55-10-401(a)(1). He also pled guilty to one (1) count of driving on a suspended license. On appeal, he claims that the evidence was insufficient to sustain the trial court's finding of guilt beyond a reasonable doubt. After a thorough review of the record before this Court, we affirm the trial court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

In an agreed Statement of Facts,[1] the parties stipulated that a Murfreesboro police officer observed the appellant driving erratically for a period of time before stopping the appellant's vehicle. When the officer asked the appellant to step out of his vehicle, the appellant was unsteady on his feet and smelled of alcohol. The appellant unsuccessfully performed several field sobriety tests and admitted that he had been drinking. Furthermore, a videotape which depicted the traffic stop and the sobriety tests was played for the trial court.

---

[1] Pursuant to Tenn. R. App. P. 24(c), the appellant submitted a "Statement of Facts" in lieu of the trial transcript.

Testifying on his own behalf, the appellant claimed that he had ingested medications which affected his equilibrium.

In a bench trial, the verdict of the trial judge is entitled to the same weight on appeal as that of a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978); State v. Frahm, 737 S.W.2d 799, 800 (Tenn. Crim. App. 1987). We conclude that the evidence is sufficient to sustain the trial court's finding of guilt for driving under the influence of an intoxicant. Accordingly, we affirm the trial court's judgment pursuant to Rule 20, Tennessee Court of Criminal Appeals. Appellant may remain on bond pending appeal with a twenty-five percent increase. Costs of this appeal will be paid by the State of Tennessee as it appears that the appellant is indigent.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
NORMA MCGEE OGLE, JUDGE